AO 199A  (OKED Rev. 2/19) Order Setting Conditions of Release                             Page 1 of    3    Pages

# UNITED STATES DISTRICT COURT
for the
Eastern District of Oklahoma

FILED
JUL 24 2024
BONNIE HACKLER
Clerk, U.S. District Court
By_____
Deputy Clerk

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No.   CR-24-113-RAW |
| MARCUS EDWARD LEE | ) |
| *Defendant* | ) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____
                                                                *Place*

on _____
        *Date and Time*

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

AO 199B  (OKED Rev. 2/19) Additional Conditions of Release

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☐ )  (6)  The defendant is placed in the custody of:
Person or organization
Address *(only if above is an organization)*
City and state                                                                                     Tel. No.

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____     _____
             *Custodian*                                                  *Date*

( ☒ )  (7)  The defendant must:
( ☒ )  (a)  submit to supervision by and report for supervision to the   U.S. Probation Office, Eastern Oklahoma ,
           telephone number   918-684-7970  , no later than   Immediately upon release
( ☒ )  (b)  continue or actively seek employment.
( ☒ )  (c)  **TYPE OF BOND:** $10,000 Unsecured
( ☐ )  (d)  surrender any passport to:
( ☐ )  (e)  not obtain a passport or other international travel document.
( ☒ )  (f)  abide by the following restrictions on personal association, residence, or travel:   Eastern District of Oklahoma
           unless given permission by the U.S. Probation Office.
( ☐ )  (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:
( ☒ )  (h)  get medical or psychiatric treatment:
           as directed by Pretrial Services.  Sign all appropriate release forms so Pretrial Services can monitor compliance.
( ☐ )  (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes:
( ☐ )  (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
( ☒ )  (k)  not possess a firearm, destructive device, or other weapon.
( ☐ )  (l)  not use alcohol ( ☐ ) at all ( ☐ ) excessively.
( ☐ )  (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
( ☐ )  (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer.  Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.  The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
( ☐ )  (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
( ☒ )  (p)  participate in one of the following location restriction programs and comply with its requirements as directed.
           ( ☒ )  (i)  **Curfew.**  You are restricted to your residence every day  ( ☐ ) from _____ to _____, or ( ☒ ) as directed by the pretrial services office or supervising officer; or
           ( ☐ )  (ii) **Home Detention.**  You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
           ( ☐ )  (iii) **Home Incarceration.**  You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.
( ☒ )  (q)  submit to ~~radio frequency, cellular or~~ global positioning system (GPS) location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.
           ( ☒ )  You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.
( ☒ )  (r)  report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.
( ☒ )  (s)  While on pretrial release defendant shall report as directed and permit a pretrial services officer to visit defendant's home or elsewhere and permit confiscation of any contraband observed in plain view.

## ADDITIONAL CONDITIONS OF RELEASE

( ☒ ) (t) The defendant shall immediately report to the U.S. Probation Officer possession and/or use of computers, mobile devices, or other devices capable of connecting to the Internet. The defendant shall submit to an initial inspection by the U.S. Probation Office and to any periodic or continuous examinations during supervision of the defendant's computer and any devices, programs, or applications, which may include removal of such equipment for the purposes of conducting a more thorough inspection. The defendant shall allow the installation of any hardware or software systems which monitor, or filter computer use. The defendant shall warn any third parties who own or use such equipment that any computer used by the defendant may be subject to examination and monitoring. The defendant shall contribute to the cost of the computer monitoring in an amount to be determined by the probation officer, based on the defendant's ability to pay. Any attempt to circumvent monitoring and examination may be grounds for bond revocation.

( ☒ ) (u) The defendant shall not view, purchase, possess, or distribute any form of pornography depicting sexually explicit conduct as defined in 18 U.S.C. §2256(2), unless approved for treatment purposes, or frequent any place where such material is the primary product for sale or entertainment is available.

( ☒ ) (v) The defendant shall have no intentional and/or prolonged contact directly or indirectly with any victim or minor (i.e., a person under the age of 18) without prior permission of the U.S. Probation Officer. In the event permission is given, Defendant must comply with any restrictions imposed by the U.S. Probation Office for the contact, including that the Defendant be accompanied and overseen by a chaperone approved in advance by the U.S. Probation Office. Any unauthorized contact with such victim or minor must be reported to the U.S. Probation Office immediately.

( ☒ ) (w) The defendant may not loiter within 100 feet of schools, playgrounds, swimming pools, arcades, or other places primarily used by minors (i.e., a person under the age of 18).

( ☒ ) (x) Any change in address or employment must be pre-approved by the U.S. Probation Office, to avoid proximity to places frequented by minors (i.e., a person under the age of 18).

( ☒ ) (y) The defendant shall immediately notify any employer, cohabitant, or other third parties of the charged offense if deemed necessary by the U.S. Probation Office due to potential third-party risk.

( ☒ ) (z) The defendant shall consent to third party disclosure to any employer or potential employer concerning computer-related restrictions and monitoring requirements.

(☒) a.a. Defendant must reside at 250 Express Lane, Lot #16, McAlester, Oklahoma, or any other residence approved by the U.S. Probation office.

AO 199C  (OKED Rev. 2/19) Advice of Penalties         Page   3   of   3   Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

   Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
   While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year.  This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.
   It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court.  The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
   If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:
   (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
   (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
   (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
   (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.
   A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive.  In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

   I acknowledge that I am the defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed.  I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Muskogee, Oklahoma
*City and State*

### Directions to the United States Marshal

( ☒ ) The defendant is ORDERED released after processing.
( ☐ ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release.  If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 07/24/2024

_____
*Judicial Officer's Signature*

JASON A. ROBERTSON, U.S. Magistrate Judge
*Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL