UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>V.<br><br>MARCUS EDWARD LEE,<br><br>Defendant. | Case No. CR-24-113-RAW |

DEFENDANT'S OBJECTION TO UNTIED STATES' NOTICE OF INTENT TO OFFER EXPERT WITNESS AND REQUEST FOR *DAUBERT* HEARING

COMES NOW Defendant, Marcus Edward Lee ("Lee"), by and through his attorney of record, Thomas M. Wright, and objects to Government's Notice of Intent to Offer Expert Testimony (Dkt. # 34). The United States intends to present Jon D. Peacock to testify regarding use of a New Zealand platform called Mega. The proposed expert testimony fails to qualify under Federal Rule of Evidence ("FRE") 702 and the standard of *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 79 (1993). Lee requests the Court set this issue for a *Daubert* hearing. In support, Lee states:

ARGUMENT AND AUTHORITY

Admission of expert testimony is governed by FRE 702. Pursuant to FRE 702:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) The testimony is based on sufficient facts or data;
(c) The testimony is the product of reliable principles and methods; and
(d) The expert has reliably applied the principles and methods to the facts of the case.

1

To determine admissibility, the trial judge performs a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid" and "whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93. Rule 702 "imposes a special gatekeeping obligation on the trial judge to ensure that an opinion offered by an expert is reliable." *United States v. Charley,* 189 F.3d 1251, 1266 (10th Cir. 1999). Where the factual basis, data, principles, methods, or application of an expert's testimony are sufficiently called into question, the trial judge must determine whether the testimony has "a reliable basis in the knowledge and experience of [the relevant] discipline." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999).

**(a) Mr. Peacock's Testimony Will Not Help the Trier of Fact to Understand the Evidence or Determine a Fact in Issue**

The first factor of FRE 702 requires that the expert's knowledge will help the trier of fact understand the evidence or determine a fact in issue. Ms. Peacock's testimony does neither. Mr. Peacock proposes to testify about how Mega works. However, his testimony cannot reliably connect this account to Mr. Lee..

**(b) Ms. Peacock's Testimony is Not Based on Sufficient Facts or Data**

The Government's Notice does not provide any information on the facts or data upon which Mr. Peacock will base his testimony. The testimony is not based on sufficient facts or data.

**(c) Ms. Peacock's Testimony is Not the Product of Reliable Principles and Methods**

Under the *Daubert* standard, the factors that may be considered in determining whether the methodology is valid are:

(1) Whether the theory or technique in question can be and has been tested;
(2) Whether it has been subject to peer review and publication;
(3) Its known or potential error rate;
(4) The existence and maintenance of standards controlling its operation; and
(5) Whether it has attracted widespread acceptance within a relevant scientific community.

*Daubert*, at 593-94.

The Notice does not indicate the principles and methods on which Mr. Peacock relied. He has never testified in the United States.

### (d) Ms. Peacock has Not Reliably Applied the Principles and Methods to the Facts of the Case

The Notice provides no indication that Mr. Peacock reliably applied to the principles and methods to the facts of this case. Many of his assertions are "beliefs" that are not reliable.

Mr. Peacock's proposed testimony is not admissible under FRE 702. It will not help the trier of fact to understand the evidence or to determine the ultimate fact at issue. It is not based on reliable principles and methods.

WHEREFORE, because the offered testimony of Mr. Peacock does not meet the standard set forth in FRE 702 and *Daubert*, Lee respectfully requests the Court deny the United States request to offer expert testimony and set this issue for hearing.

Respectfully Submitted,

WRIGHT, STOUT & WILBURN, PLLC

/s/ Thomas M. Wright
THOMAS M. WRIGHT, OBA # 20378
WRIGHT, STOUT & WILBURN, PLLC
300 West Broadway
Muskogee, OK 74401
918.682.0091 (tele)
918.683.6340 (fax)
tom@wswlaw.com
*Attorney for Marcus Edward Lee*

CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2024, I electronically submitted this document to the Clerk of Court using the ECF System for filing.

/s/ Thomas M. Wright