UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| -vs- | Case No.    24-CR-113-RAW |
| MARCUS EDWARD LEE, | |
| Defendant. | |

DEFENDANT'S MOTION FOR VARIANCE

COMES NOW Defendant, Marcus Edward Lee ("Marcus"), by and through his attorney of record, Tom Wright, and in consideration of the 18 U.S.C. § 3553(a) factors, respectfully requests the Court vary to an offense level 13 and sentence him to six months imprisonment followed by one year of home confinement. Marcus understands this is an exceptional request. He is an exceptional person. In support, Marcus states:

PERSONAL HISTORY

Marcus is certainly not within the mine run of defendants in federal court. His appearance before this Court for sentencing will be his first criminal conviction. He is a gentle man, deeply devoted to his family, his work, and his faith. He is humble and kind. He is autistic.

Marcus spent much of the first five years of life in a hospital. Although he suffered many medical issues, the most significant was hydrocephalus. Doctors did not expect him to live past age 5. He did live. However, his early medical issues caused negative lifelong

issues. He is autistic as a result of his hydrocephalus. His father abandoned Marcus as an infant due to his disabilities. Marcus also has weakened bones, most apparent in his teeth. The positive effects of his early medical issues are numerous. He is very close to his mother and feels an obligation to care for her. He is honest to a fault. He has a child-like personalities that makes him a favorite uncle.

The medical issues were not the only obstacles placed before Marcus. His family struggled financially when he was young. He also suffered abuse at the hands of a school volunteer who abused many children and was convicted.

Despite these obstacles, Marcus graduated high school and maintained employment. He enjoys reading, spending time in nature, spending time with his family, building models, and fixing things. Keeping his hands busy helps him focus. He is also a deeply religious person.

Marcus has been detained since his change of plea hearing on January 13, 2025. He will have served 177 days at the time of sentencing. His condition has made detention more difficult. He does not handle change well. He found a bible study group and a routine in Okmulgee and was then transferred to Muskogee County. He struggled in Muskogee County. He found a new bible study group, which provides stability. He has not received any counseling while detained. He wants counseling. Detention centers offer medication instead of counseling and he does not want to take medication (like Buspar) because other inmates with try to take it to snort. His teeth are inherently bad due to his childhood illnesses and medications. He has had four teeth pulled while detained (the two teeth behind his upper right canine and the two teeth behind his lower left canine). His lower

left molar is cracked and will likely be removed as well. The upper left tooth behind his canine has no enamel and is painful daily. He is currently taking amoxycillin for a tooth infection. His pod gets recreation only one day a week. They are supposed to have tablets one day a week. They have not received tablets in a month.

Marcus timely received and reviewed the PSR. He submitted objections. His Total Offense Level of 30 and Criminal History Category of I yields a guideline range of 97 to 121 months imprisonment. Sentencing is schedule on July 9, 2025 at 10:00 a.m.

## SENTENCING

Congress discouraged the Sentencing Commission from creating a system that imprisons first time offenders who have not been convicted of a crime of violence or otherwise serious offense. Indeed, *28 U.S.C. § 994(j)* provides that prison is generally inappropriate in "cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense." In response to Congress' directive, the Sentencing Commission created the United States Sentencing Guidelines, which plays an important role in federal sentencing. The United States Supreme Court in *U.S. v. Booker* found the Sentencing Reform Act of 1984 ("Act") "requires judges to take account of the Guidelines together with other sentencing goals." *U.S. v. Booker*, 543 U.S. 220, 259 (2005). In the ordinary case, the Commission's recommendation of a sentencing range will "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Rita v. U.S.*, 551 U.S. 338, 350 (2007). However, the sentencing Court ultimately determines whether the rough approximation generated by the Guidelines achieves 3553(a)'s objectives because it is "in a superior position to find facts and judge

their import under §3553(a)" in each particular case. *Gall v. United States*, 552 U.S. 38, 51 (2007).

To make this determination, the Court considers "the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims." *United States v. Booker*, 543 U.S. at 260. The Act further requires the sentencing court to impose sentences that "reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care." *Id*. citing 3553(a)(2). In order to accomplish the purposes of sentencing, the sentencing court "shall impose a sentence sufficient, but not greater than necessary." *18 U.S.C. §3553(a)*. The sentencing judge should "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996).

In determining the appropriate sentence, the sentencing court is required to consider all the factors set forth in *18 U.S.C. §3553(a)*, which include:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;
(2) The need for the sentence imposed –
    (A)   To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) To afford adequate deterrence to criminal conduct;
    (C) To protect the public from further crimes of the defendant; and

> (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) The kinds of sentences available;
>
> (4) The kinds of sentence and the sentencing range established for –
>
> (A) The applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;
>
> (5) Any pertinent policy statement –
>
> (A) Issued by the Sentencing Commission…
>
> (6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) The need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a)(1)-(7).

Consideration of the 3553(a) factors show that Marcus is not the ordinary case and the Guidelines' suggested punishment does not achieve 3553(a)'s objectives. Those factors include:

### Nature and Circumstances of the Offense

At the time of his arrest, Marcus worked at T & W Tire in McAlester, Oklahoma. He lived in a trailer across the street from his mother. He helped her in any way he could and did not have disposable income. He joined groups he could download large amounts of free content. The free content contained CSAM. He did not seek out CSAM, but he did possess it.

### History and Characteristics

Marcus is a thirty-three-year-old zero-point-offender. His early childhood was difficult in every way possible. He suffered serious medical issues. His father abandoned him because Marcus had disabilities. He was sexually abused in elementary school. He is

autistic. His family struggled financially. He was suicidal as a child and attempted to hang himself once. He does not abuse substances. He maintains employment. He finds comfort in his Christian faith and church community. He likes to read, spend time in nature, fix things, and build models to focus his mind. He has a gentle, child-like personality.

### Seriousness of the Offense, Respect for the Law, and Just Punishment

Marcus pled guilty to a Class C felony. Possessing CSAM is a serious offense. The nature and circumstances of this offense mitigate the seriousness. He was not seeking CSAM. He joined internet groups to obtain large amounts of free content because he had no disposable income. The downloaded content included CSAM. He possessed it, but not with the same intent that is typical of this type of case.

Marus is a thirty-three-year-old zero-point offender. He cooperated with law enforcement when arrested. He answered their questions voluntarily. He has adequate respect for the law.

A sentence of six months imprisonment followed by twelve months of home confinement and up to a lifetime of supervised release is just punishment given the nature and circumstances of the offense.

### To Provide Adequate Deterrence to Criminal Conduct and Protect the Public

Marcus is not likely to re-offend. He is a thirty-three-year-old zero-point offender. He will be a registered sex-offender. The Court may sentence him to lifetime supervised release and fashion conditions that protect the public.

**Education or Vocational Training, Medical Care, or other Correctional Treatment**

Marcus graduated from Orange Park High School is 2010. He has worked in various fields of manual labor since then. Hew is eager to participate in training to improve his employment opportunities upon release. Vocational training does not have to occur in BOP. Indeed, the Court can order vocational training to equip Marcus for suitable employment as a term of supervised release. See *18 U.S.C. § 3563 (b)(4)* (discretionary conditions of probation) and *18 U.S.C. § 3583(d)* (permitting the Court to apply the discretionary conditions of probation to conditions of supervised release).

Marcus has many medical issues that are better treated out of custody. He has lost four teeth while in detention and expects to lose two more. His autism makes detention more difficult. He requires a routine and something to help focus his mind. Remaining in a cell with no distractions could exacerbate his condition. He feels an obligation to help his aging mother. He is unable to care or provide for her while detained.

**Types of Sentences Available**

Pursuant to USSG § 5C1.1(d)(2), where the applicable guideline is in Zone C of the Sentencing Table the minimum term of imprisonment may be satisfied by "a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), provided that at least one-half of the minimum term is satisfied by imprisonment." One day of home detention equals one day of imprisonment. *USSG § 5C1.1(e)(3)*. The Court shall impose a term of supervised release of five years to life.

The Court shall order that Marcus comply with SORNA as a condition of supervised release. *18 U.S.C. § 3583(d)*. Consequently, the Court may order that Marcus submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion. *Id*.

A sentence of six months imprisonment followed by twelve months of home confinement satisfies the requirements of USSG § 5C1.1(d)(2).

## Requested Sentence

Marcus requests a sentence of six months imprisonment followed by twelve months of home confinement and as much supervised release as the Court desires. This sentence is sufficient, but not greater than necessary, and meets the goals of sentencing.

Marcus is not the typical defendant. The nature and circumstances of his offense mitigate the crime and punishment to ensue. The internet can be a dangerous place for users. Marcus subscribed to internet groups to access free content that he could not afford to purchase. The content came in large batches that contained CSAM. He was not seeking CSAM. He possessed it and did not delete it or report it to law enforcement. When a person signs up for something free, they often pay a much higher price. Marcus has already paid dearly for his mistake. He has been detained for almost six months. He will be a convicted felon and a registered sex offender. He has lost four teeth while detained and will likely lose two more in the near future.

His history and characteristics also mitigate punishment. He is a thirty-three-year-old zero-point offender. He is autistic. He has medical issues. He respects the law. He is unlikely to re-offend. He is very close to his mother, who needs him. Marcus is not within the mine run of defendants. The requested sentence meets the goals of sentencing.

WHEREFORE, for the above and foregoing reasons, Marcus Edward Lee respectfully requests the Court sentence him to six months imprisonment followed by twelve months of home confinement and as much supervised release as the Court desires.

Respectfully Submitted,

THE WRIGHT LAW FIRM, PLLC

/s/ Thomas M. Wright
THOMAS M. WRIGHT, OBA 20378
THE WRIGHT LAW FIRM, PLLC
629 West Main Street, Suite 230
Oklahoma City, OK 73102
405.819.0888 (tele)
405.459.0902 (fax)
tom@tomwrightlaw.com
*Attorney for Marcus Edward Lee*

CERTIFICATE OF SERVICE

    I Thomas M. Wright, hereby certify that on this 25th day of June, 2025, I submitted this document to the Clerk of Court for filing and service on all involved parties via the EM/ECF system.

                                                /s/ Thomas M. Wright