# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* v. **MARCUS EDWARD LEE,** *Defendant.* | Case No. 24-CR-113-RAW |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR VARIENCE

COMES NOW the United States of America, by and through United States Attorney Christopher J. Wilson and Assistant United States Attorney Jessie Pippin, and respectfully submits the following Response to Defendant's Motion for Variance:

### I. INTRODUCTION AND BACKGROUND

On July 10, 2024, the Defendant was charged in a two-count indictment with Count 1, Distribution of Certain Material Involving the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1), and Count 2, Possession of Certain Material Involving the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2). (Doc. 2). On January 13, 2025, the Defendant entered a guilty plea to Count 2 of the indictment without a plea agreement. (Doc. 55).

### II. SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a) AND RESPONSE TO DEFENDANT'S MOTION FOR VARIANCE

The goal of sentencing is to achieve a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a). In doing so, the Court must account for a variety of factors specific to the particular defendant and particular case. The framework for determining an appropriate sentence is set forth in § 3553(a).

Specifically, § 3553(a) requires that the court ensure the sentence imposed properly considers, among other factors: (1) the nature and circumstance of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense; (4) the need to afford adequate deterrence; (5) the need to protect the public from further crimes of the defendant; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to the victims of the offense.

      Here, Defendant's criminal conduct is extremely serious and demands an appropriately serious sentence, as has been recommended in the Presentence Investigation Report. On its face, the possession of child pornography "is 'a permanent record' of the depicted child's abuse and 'the harm to the child is exacerbated by its circulation'". *United States v. Paroline*, 134 S.Ct. 1710 at 1717, 572 U.S. 434, 188 L.Ed.2d 714 (2014). "The unlawful conduct of everyone who reproduces, distributes, or possesses the images of the victim's abuse…plays a part in sustaining and aggravating this tragedy…In a sense, every viewing of child pornography is a repetition of the victim's abuse." *Id.* at 1726. The United States Supreme Court also found that there is a "need to impress upon defendants that their acts are not irrelevant or victimless." *Id.* at 1729.

      The nature and circumstances of Defendant's conduct includes distribution and possession of child sexual material depicting abuse that cannot be described as anything other than horrific and disturbing. The videos collected by Defendant include sadistic and masochistic sexual abuse of children as well as videos of adults performing various sexual acts on toddlers. The Defendant's criminal acts continue to re-victimize the children depicted in the child sexual abuse material he collected for his own sexual gratification. The Defendant stands convicted of possessing nearly 600 images and 7 videos of child sexual abuse material, which included the horrific sexual assaults of children spanning from three years old to approximately 13 years old. These images and files depict unspeakable acts against children, including the penetration of an approximately two- to five-year-

old female child's vagina with an adult male's penis.

In the Defendant's Motion for Variance, the Defendant describes himself as "not within the mine run of defendants in federal court," and describes at length his previous medical history (Doc. 69). The Defendant's medical history has no relevance to his sexual interest in children and the need to protect the community from his future crimes. This was not an "accidental" download of child sexual abuse material. The Defendant possessed nearly 600 files on *two separate* cell phones. The nature and circumstances of the offense are such that this Defendant should be sentenced within his guideline range, as it is sufficient, but not greater than necessary to comply with the provisions set forth in 18 U.S.C. § 3553(a).

The risk that those who possess child pornography pose to children is immense. "An analogy often used in the field may make this question easier to answer: How many people who collect baseball cards have also played the game (or would play, if given the opportunity)? In other words, do the things we collect reflect our fantasies and interests? An answer in the affirmative seems obvious." Handbook of Behavioral Criminology, p. 332, edited by Dr. Vincent B. Van Hasselt and Dr. Michael L. Bourke, Springer Intl. Publishing (2017). Likewise:

> A similar analogy addresses online collecting behavior and involves people who download images and videos about trout fishing. How many have spent time in the water with a rod and reel? Perhaps not all, but surely most. Equally important, how many of the people who watch fishing videos engage in fantasy while watching them? And this is the key point: When they view fish being pulled from scenic mountain streams, are they fantasizing about the next time they will be able to *watch* a fishing video, or the next time they will have the opportunity to *hook* a trout? It seems clear we view and collect things that reinforce our fantasies, and we fantasize about things we would like to do.

*Id*. The public has a right to be protected from a defendant who is sexually aroused by children, particularly a man like the Defendant herein who sexualizes girls as young as toddlers.

In addition, Congress, the Supreme Court, and the Sentencing Commission believe general deterrence is a very important factor when considering an appropriate sentence. *United States v. Irey*,

612 F.3d 1160, 1206 (11th Cir. 2010), (citing *United States v. Ferber*, 458 U.S. 747, 760 (1982) ("The most expeditious if not the only practical method of law enforcement may be to dry up the market for [child pornography] by imposing severe criminal penalties on persons selling, advertising, or otherwise promoting the product"); *Osbourne v. Ohio*, 495 U.S. 102, 109-10 (1990) ("It is also surely reasonable for the State to conclude that it will decrease the production of child pornography if it penalizes those who possess and view the product, thereby decreasing demand"); *United States v. Goff*, 501 F.3d 250, 261 (3rd Cir. 2007) ("Deterring the production of child pornography and protecting the children who are victimized by it are factors that should have been given significant weight at sentencing."); *United States v. Barevich*, 445 F.3d 956, 959 (7th Cir. 2006) ("Transporting and receiving child pornography increases market demand. The greater concern under the Guidelines is for the welfare of these exploited children. The avenue Congress has chosen to weaken the child pornography industry is to punish those who traffic in it."); and *United States v. Goldberg,* 491 F.3d 668, 672 (7th Cir. 2007)("The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so more will be produced.")  A significant sentence for this Defendant is necessary to deter current and future pornographers and would also demonstrate to the public that the sexual re-victimization of children will

Lastly, the Defendant argues in his Motion for Downward Variance that he is an "exceptional person" and is deserving of a 17-level downward departure. While the Defendant may have faced adversity in his life, he decided to actively exploit children through the possession of child sexual abuse material. The Defendant's self-proclaimed devotion to his family, work, and faith, fell short of protecting the children depicted in the Defendant's collection of child sexual abuse material. Moreover, both the Defendant's lack of criminal history and his involvement in church are common with individuals who commit crimes against children because it is through this very "normal" outward

facing life that they are able to gain trust and access to victims. Therefore, this is not a sufficient basis for a downward variance.

### III. CONCLUSION

The goal of sentencing is to achieve a sentence that is "sufficient but not greater than necessary" while taking into account a variety of factors specific to the particular defendant and particular case.

The Defendant is a man who is sexually attracted to toddlers and other very young children. The Defendant obtained the extremely graphic child pornography, which he maintained and collected. Each and every time the Defendant pleasured himself with the images and videos in his possession, he re-victimized a child who had already been subjected to horrific sexual abuse. It is time for the Defendant to be held accountable for all of the children hurt by his conduct. Because his criminal conduct was extreme, and based on the other § 3553(a) factors addressed above, the Defendant should be sentenced within the guideline range, as such a sentence would be sufficient but not greater than necessary given all of facts surrounding this case.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

s/      Jessie K. Pippin
JESSIE K. PIPPIN, OBA # 33905
Assistant United States Attorney
520 Denison Avenue
Muskogee, Oklahoma 74401
Telephone: (918) 684-5100
Fax: (918) 684-5150
Jessie.Pippin@usdoj.gov

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 2, 2025, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

Thomas M. Wright, Counsel for Defendant

           s/  Jessie K. Pippin
             JESSIE K. PIPPIN
             Assistant United States Attorney